IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JANICE M. GAMBLE,  ) | Civil Action No.: 4:07-cv-3414-RBH |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | **ORDER REMANDING CASE** |
| ) | |
| WILLIAMSBURG COUNTY SCHOOL  ) | |
| DISTRICT; WILLIAMSBURG COUNTY  ) | |
| SCHOOL BOARD; SUPERINTENDENT  ) | |
| RALPH FENNELL, JR., in his official  ) | |
| capacity,  ) | |
| ) | |
| Defendants.  ) | |
| _____) | |

This matter is before the court upon Plaintiff Janice M. Gamble's [Docket Entry #5] motion to remand. For the reasons set forth herein, the court grants Plaintiff's motion.

## **Background**

Plaintiff is employed with the Williamsburg County School District. This case involves an employment dispute arising from Plaintiff's demotion from the position of Assistant Superintendent to Teacher.

This action was originally filed in the Court of Common Pleas for Williamsburg County, South Carolina. Plaintiff's Amended Complaint alleges five causes of action: 1) denial of due process rights; 2) breach of contract; 3) breach of contract accompanied by a fraudulent act; 4) negligent infliction of emotional distress/outrage; and 5) bad faith demotion.

On October 12, 2007, Defendants timely filed a Notice of Removal, pursuant to 28 U.S.C. § 1441, alleging that this court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). Defendants argue that federal question

jurisdiction exists in this case because Plaintiff's first (denial of due process rights) and fifth (bad faith demotion) causes of action are more appropriately litigated under 42 U.S.C. § 1983.

The relevant portions of Plaintiff's Amended Complaint allege:

FIRST CAUSE OF ACTION
(Denial of Due Process Rights)
. . . .

14. Plaintiff states that she formally requested an appeal and a hearing before the Board regarding her demotion, only to be denied. As a result, she is informed and believes that she was denied of her "due process rights" to a hearing, which [ ] in fact violates her freedom of speech.

FIFTH CAUSE OF ACTION
(Bad Faith Demotion)
. . . .

32. Plaintiff contends that she [has] been demoted to a lesser career track position and [has] been humiliated openly in retaliation for questioning the practices of the Defendant.
33. That the employment contract between Plaintiff and Defendant contains an implied covenant of good faith and fair dealing.
34. That the demotion of Plaintiff by Defendant was motivated by bad faith and/or malice and/or retaliation and is contrary to the best interest of our economic system and the public good and constituted a breach of said covenant.
35. That the actions of Defendant terminating Plaintiff were negligent, careless, reckless, willful, wanton and/or malicious and constituted a breach of said covenant.

[Amended Complaint, Docket Entry #1-2].

On October 26, 2007, Plaintiff filed the pending motion to remand arguing that her first and fifth causes of action were brought under South Carolina state law and do not raise substantial issues of federal law.

Specifically, Plaintiff argues that her due process claim is premised on the denial of her

procedural right to a hearing before the Williamsburg County School Board under the South Carolina Teacher Employment Dismissal Act (the "Teacher Act"), S.C. Code Ann. § 59-25-410, *et seq*. Accordingly, Plaintiff contends that her due process claim is a state issue governed by state law.

Defendants counter that the Amended Complaint fails to reference the Teacher Act. Defendants also argue that Plaintiff cannot sue Defendants under the Teacher Act for failure to grant a hearing concerning her demotion from Assistant Superintendent because the Teacher Act does not apply to a demotion from an administrative position.

With regard to Plaintiff's bad faith demotion claim, Plaintiff argues that her claim is a state law wrongful discharge claim based on a violation of public policy similar to the wrongful discharge claim recognized by the South Carolina Supreme Court in *Ludwick v. This Minute of Carolina, Inc.*, 337 S.E.2d 213, 216 (S.C. 1985) (holding "[w]here the retaliatory discharge of an at-will employee constitutes violation of a clear mandate of public policy, a cause of action in tort for wrongful discharge arises").

In response, Defendants contend that Plaintiff's bad faith demotion cause of action is actually a First Amendment/retaliatory discharge claim that should be brought under 42 U.S.C. § 1983. Defendants also argue that because the Amended Complaint alleges a "demotion" and not a "discharge," Plaintiff cannot bring a *Ludwick* wrongful discharge claim. Finally, Defendants contend that because Plaintiff has an available statutory remedy under § 1983, she cannot bring a *Ludwick* wrongful discharge claim.

Plaintiff responds that because she has raised a state law wrongful discharge claim, it is up to the South Carolina state courts to determine whether or not Plaintiff may maintain this

action.

## Discussion

Remand of a case to state court following removal is governed by 28 U.S.C. §§ 1447(c) and (d). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is placed on the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises significant federalism concerns," courts "must strictly construe removal jurisdiction." *Mulcahey*, 29 F.3d at 151. "If federal jurisdiction is doubtful, a remand is necessary." *Id*.

Defendants contend that federal jurisdiction exists in this case because Plaintiff's due process claim and bad faith demotion claim arise under federal law, specifically, 42 U.S.C. § 1983.

Federal question jurisdiction arises from 28 U.S.C. § 1331, which provides "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, whether federal question jurisdiction exists is determined by the well-pleaded complaint rule." *Burbage v. Richburg*, 417 F. Supp. 2d 746, 749 (D.S.C. 2006). "[F]ederal question jurisdiction exists 'only when a federal question is presented on the face of the plaintiff's properly-pleaded complaint.'" *Donaldson v. City of Walterboro Police Dept.*, 466 F. Supp. 2d 677, 679 (D.S.C. 2006). "Thus, pursuant to the well-pleaded complaint rule, the plaintiff is the master of his claim, and he may avoid federal jurisdiction by exclusive reliance on state law." *Donaldson*, 466 F. Supp. 2d at 679.

In determining whether subject matter jurisdiction exists under § 1331, the court must first determine whether federal or state law creates the cause of action. *Mulcahey*, 29 F.3d at 151. In this case, Plaintiff argues that her due process claim and bad faith demotion claim are created under South Carolina law. This court agrees.

The due process right that Plaintiff claims was violated was her procedural right to a hearing before the Williamsburg County School Board. Plaintiff does not claim that her right to a hearing before the Board arises from the due process clause of the United States Constitution, but instead claims that her right to a hearing arises solely from the Teacher Act, S.C. Code Ann. § 59-25-410, *et seq*. As master of her claim, Plaintiff may choose to rely exclusively on state law as the basis for the procedural due process right that she claims was violated.

Likewise, Plaintiff's bad faith demotion claim arises under state law. In *Ludwick v. This Minute of Carolina, Inc.*, the South Carolina Supreme Court created an exception to the employee at-will doctrine in order to allow an at-will employee to bring a wrongful discharge action where the employee was discharged in violation of a clear mandate of public policy. 337 S.E.2d at 216. Plaintiff acknowledges that she may have a First Amendment/retaliatory discharge claim under 42 U.S.C. § 1983; however, she indicates that she does not intend to pursue that potential § 1983 claim. Again, as master of her claim, Plaintiff may choose to rely exclusively on state law remedies or claims as the basis for her bad faith demotion claim. Additionally, in her Amended Complaint, Plaintiff does not seek the remedies available under a § 1983 claim, i.e. punitive damages and attorney's fees.

Where state law creates the plaintiff's causes of action, "the lower federal courts

possess jurisdiction to hear 'only those cases in which a well-pleaded complaint establishes . . . that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Bryan v. BellSouth Communications, Inc.*, 377 F.3d 424, 428-29 (4th Cir. 2004). "A plaintiff's right to relief for a given claim necessarily depends on a question of federal law only when *every* legal theory supporting the claim requires the resolution of a federal issue." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (emphasis in original). "[I]f the plaintiff can support his claim with even one theory that does not call for an interpretation of federal law, his claim does not 'arise under' federal law for purposes of § 1331." *Dixon*, 369 F.3d at 817. Furthermore, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986). The defining inquiry is "the degree to which federal law must be in the forefront of the case and not collateral, peripheral or remote." *Merrell Dow*, 478 U.S. at n. 11 (citing *Textile Workers v. Lincoln Mills*, 353 U.S. 448, 470 (1957) (Frankfurter, J., dissenting)).

It is clear that under the facts alleged in the Amended Complaint that Plaintiff could have alternatively pled a § 1983 due process claim and a § 1983 First Amendment/retaliatory discharge claim. However, Plaintiff elected to frame her claims under South Carolina state law. Therefore, Plaintiffs' right to relief does not necessarily depend on the resolution of a substantial question of federal law. *See Dixon*, 369 F.3d at 818. This case, premised on theories of recovery under state law, does not arise under federal law such that the requirements of federal question jurisdiction are satisfied. Accordingly, no federal question jurisdiction supports the assertion of removal jurisdiction under 28 U.S.C. § 1441.

**Conclusion**

For the reasons stated above, the court concludes that this action was removed improvidently and this court is without jurisdiction. Therefore, Plaintiff's [Docket Entry #5] motion to remand is **GRANTED.** This case is hereby **REMANDED** to the South Carolina Court of Common Pleas for the Third Judicial Circuit in Williamsburg County. A certified copy of this Order of Remand shall be mailed by the Clerk of this Court to the Clerk of Court for the Third Judicial Circuit in Williamsburg County.

**IT IS SO ORDERED**.


May 15, 2008                                             s/R. Bryan Harwell
Florence, South Carolina                                 R. Bryan Harwell
                                                         United States District Judge